# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:18-CV-00285-MOC-WCM

| | |
|---|---|
| SHARONDA N. CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on judicial review of a final decision of the Commissioner of Social Security denying Plaintiff Sharonda Cannon's applications for disability insurance benefits and supplemental security income. Plaintiff filed a Motion for Summary Judgment, requesting an order of reversal and remand for rehearing. (Doc. No. 9). The Commissioner in turn filed a Motion for Summary Judgment, requesting affirmance. (Doc. No. 11). In a Memorandum and Recommendation, Magistrate Judge Metcalf found that Plaintiff's motion should be granted, and the Commissioner's motion should be denied. (Doc. No. 16). The Commissioner filed a single objection to this finding. (Doc. No. 17). For reasons set forth below, the magistrate judge's Memorandum and Recommendation are adopted. Accordingly, Plaintiff's Motion for Summary Judgment is granted, the Commissioner's Motion for Summary Judgment is denied, and this matter is remanded for reconsideration consistent with this opinion.

To begin, the magistrate judge's Memorandum and Recommendation thoroughly discusses the administrative record and the final decision of the ALJ. The litigants did not object to that discussion, so the Court incorporates it for this review. (See Doc. No. 16). Pertinent here, central to the ALJ's finding of non-disability was that Plaintiff had the residual functional capacity to

perform light work, and that she: can frequently kneel, crouch, and crawl; must avoid concentrated exposure to fumes; can perform simple, routine, and repetitive tasks in a stable environment at "a nonproductive pace" with occasional public contact; would "be off task 9% of an eight-hour workday"; and could concentrate greater than two hours out of an eight-hour workday. (Doc. No. 8-1 at 25). But, on review, the magistrate judge concluded that "the ALJ failed to build a 'logical bridge' from the evidence in the administrative record to those specific limitations." (Doc. No. 16 at 12 (citing Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2017)). Of particular note, the ALJ failed to explain (1) "what necessitates a 'nonproductive pace,'" (2) what "the term 'nonproductive pace' means," and (3) how the ALJ determined Plaintiff would be off task for 9% of the time. (Id. at 14–15). In reaching this conclusion, the magistrate judge cited analogous cases reaching precisely the same result. See Kilgo v. Saul, No. 3:18-CV-312, 2019 WL 3719609, at *4 (W.D.N.C. Aug. 7, 2019); Lovato v. Berryhill, No. 6:16-CV-00046, 2017 WL 2371096, at *4 (D. Or. May 9, 2017), report and recommendation adopted, 2017 WL 2369377 (D. Or. May 31, 2017); Oliverson v. Berryhill, No. 2:16-CV-01538, 2017 WL 1381814, at *4 (W.D. Wash. Apr. 17, 2017). Because the ALJ failed to build the requisite logical bridge, the magistrate judge recommended remanding this case to the Commissioner for reconsideration. (Doc. No. 16 at 15).

After the magistrate judge issued his recommendation, the Commissioner filed a single objection. According to the Commissioner, the magistrate judge incorrectly found that remand was warranted "based on the arguments set out in Part IV.B of [his] brief." (Doc. No. 17). Beyond this sentence, the Commissioner failed to explain why the magistrate judge's opinion is incorrect.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); United States v. De Leon-

Ramirez, 925 F.3d 177, 181 (4th Cir. 2019); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required "when a party makes general or conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Finally, the Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

Because the Commissioner's sole objection is strictly legal and conclusory, the Act does not require the Court to conduct de novo review. Even so, the undersigned as district judge is ultimately responsible for the final decision in this case. As such, the Court conducted de novo review of the Memorandum and Recommendation and determined it correctly applies Circuit law. Therefore, the Court fully adopts the Memorandum and Recommendation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the magistrate judge's Memorandum and Recommendation (Doc. No. 16) is **AFFIRMED**, and the Commissioner's Objection (Doc. No. 17) is **OVERRULED**. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED** and the Commissioner's Motion for Summary Judgment (Doc. No. 11) is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner under 42 U.S.C. § 405(g), the ALJ's final decision is **REVERSED**, and this case is hereby **REMANDED** for a decision consistent with this Order.

Signed: February 6, 2020

Max O. Cogburn Jr
United States District Judge